IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TIMOTHY JAMES MIDGETT,<br><br>Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF VETERANS AFFAIRS,<br><br>Defendant. | Case No. 20-cv-02942-MMC<br><br>**ORDER GRANTING DEFENDANT'S MOTION TO DISMISS FOR LACK OF SUBJECT MATTER JURISDICTION; DIRECTIONS TO CLERK**<br><br>Re: Doc. No. 11 |

Before the Court is defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction, filed July 1, 2020. Plaintiff has not filed opposition.[1] Having read and considered the motion, the Court rules as follows.

In his complaint, plaintiff alleges his brother "died as a direct result of . . . [m]edical [m]alpractice" at a "Veteran's Clinic" (see Compl. ¶ 3); he seeks monetary compensation as a result of such assertedly tortious conduct.

The Federal Tort Claims Act ("FTCA") provides the "exclusive" remedy where, as here, a plaintiff alleges a tort claim against an agency of the United States. See 28 U.S.C. § 2679(b)(1). Pursuant to the FTCA, a district court has jurisdiction over a claim against the United States where the plaintiff has "first presented the claim to the appropriate Federal agency" and the claim has been "finally denied by the agency." See 28 U.S.C. § 2675(a); Brady v. United States, 211 F.3d 499, 502-03 (9th Cir. 2000) (holding claim presentation requirement is "jurisdictional"; finding district court properly

---

[1] By order filed July 7, 2020, the Court set August 14, 2020, as the deadline for plaintiff to file opposition. By order filed August 4, 2020, the Court, at defendant's request, extended the deadline to September 30, 2020.

dismissed FTCA claims where plaintiff did not present claim to federal agency prior to filing suit).

Here, defendant has offered evidence, undisputed by plaintiff, that establishes plaintiff's failure to submit an administrative claim. (See Bartley Decl. ¶ 5 (averring declarant "searched the VA's administrative claims database" and "was unable to locate any administrative tort claim" submitted by plaintiff).)[2]

Accordingly, the Court lacks subject matter jurisdiction over plaintiff's claims, and the complaint is subject to dismissal, without prejudice to plaintiff's refiling his claims after he has submitted an administrative claim and the claim has been denied.

The Clerk of Court is hereby DIRECTED to close the file.

**IT IS SO ORDERED.**

Dated: October 9, 2020

MAXINE M. CHESNEY
United States District Judge

---

[2] The Court may consider material outside the pleadings where, as here, the defendant's motion to dismiss challenges the district court's jurisdiction to consider the plaintiff's claims. See McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1986) (holding, when considering motion to dismiss for lack of subject matter jurisdiction, "the district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony").